UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BART MORALES,                        §
                                     §
    Plaintiff,                       §
                                     §
v.                                   §   CIVIL ACTION NO. 3:18-CV-1914-B
                                     §
KROGER TEXAS L.P.,                   §
                                     §
    Defendant.                       §

## MEMORANDUM OPINION AND ORDER

Before the Court is Kroger's Motion for Summary Judgment. Doc. 26. For the reasons that follow, the Court **GRANTS** Kroger's Motion.

## I.

## BACKGROUND[1]

This is a slip-and-fall case. The parties agree that on June 27, 2016, Plaintiff Bart Morales was shopping at a Kroger store owned by Defendant Kroger Texas, L.P. when he slipped on a wet, pinkish-red liquid on the floor near the frozen food isle and suffered serious injuries to his back, hip, and knee. Doc. 27, Kroger's Br., 3; Doc. 32-1, Morales' App., 21, 34. Morales also describes the liquid as "pinkish with clear," "like the hand soaps," although Kroger has not adopted that exact description. Doc. 32-1, Morales' App., 27. Morales did not see the liquid until after he had fallen. Doc. 27, Kroger's Br., 3; Doc. 32-1, Morales' App., 21. The liquid extended approximately 5 feet into the aisle, with a width of approximately 1 foot—as Morales also described it, the liquid extended

---

[1] The Court draws its factual history from the pleadings and the summary judgment record. Any contested fact is identified as the contention of a particular party.

- 1 -

about halfway across the aisle. Doc. 27, Kroger's Br., 3; Doc. 32-1, Morales' App., 24, 27.

Near the spill was a box of strawberries, which Morales stated "looked dried," "like it had been there all night." Doc. 32-1, Morales' App., 22. Kroger agrees that a box of strawberries was present. Doc. 27, Kroger's Br., 3. No customers or Kroger employees made any statement to Morales regarding how long the box of strawberries had been in the area, nor did any employee make any statement to Morales that would indicate Kroger was aware the liquid was on the floor prior to the incident. *Id.* Likewise, Morales stated that he does not know how long the liquid was on the floor prior to his fall, nor when the aisle was last inspected. *Id.* In short, he offers no direct evidence of how long the spill was in the aisle, nor that Kroger knew about the spill. *Id.* He relies solely on his deposition as evidence. Doc. 32, Morales' Resp., 1.

Kroger has moved for summary judgment on Morales' single premise-liability claim, arguing that Morales has insufficient evidence to demonstrate a genuine issue of material fact exists. As the Motion is fully briefed, the Court now considers the arguments.

## II.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material, and only a dispute over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248(1986). "[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the

summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations incorporated and internal quotations omitted).

Once the summary judgment movant has met his burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). A non-movant may not simply rely on the Court to sift through the record to find a fact issue but must point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant provides must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. This evidence must be such that a jury could reasonably find in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

### III.

### ANALYSIS

Kroger moves for summary judgment on two[2] grounds: (1) Kroger did not have actual or constructive knowledge of an unreasonably dangerous premises condition; and (2) Kroger did not have a duty to Morales because the spill was open and obvious. Doc. 27, Kroger's Br., 8–10.

It is not disputed that Morales was Kroger's invitee. As such, Kroger owed a duty to exercise reasonable care to protect Morales from dangerous conditions in the store that were known or

---

[2] Kroger also raises a third ground for summary-judgment dismissal: that Morales can not establish that an unreasonably dangerous condition existed. Doc. 27, Kroger's Br., 2. But as Kroger provides no argument to support this point, *see id.*, the Court declines to consider this ground for dismissal.

reasonably discoverable. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To establish a premises liability claim as an invitee, Morales must show: (1) that Kroger had actual or constructive knowledge of some condition on the premises (the "notice" element); (2) that the condition posed an unreasonable risk of harm; (3) that Kroger did not exercise reasonable care to reduce or eliminate the risk (the "duty" element); and (4) that Kroger's failure to use such care proximately caused his injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). Kroger's Motion focuses on elements one and three. The Court begins with the first element.

A. *No Genuine Issue of Material Fact Exists as to the "Notice" Element*

One of the leading opinions on constructive notice for slip-and-fall cases is *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934 (Tex. 1998). In that case, the Texas Supreme Court reviewed whether the circumstantial evidence supporting the "notice" element was legally sufficient[3] as to uphold the trial court's rendition of judgment for the plaintiff after a jury verdict in her favor. *Id.* at 935–36. The plaintiff had slipped on spilled macaroni salad and injured herself. *Id.* at 936. She presented evidence that macaroni salad was wet, had cart tracks through it, and had a lot of dirt in it. *Id.* Regardless, the court found that this circumstantial evidence could no more support the inference that the macaroni salad had been on the floor for a long period of time than it could

---

[3] It should be noted that the standard of review that the Texas Supreme Court used in *Gonzalez* is similar to the summary-judgment standard applicable here. "When reviewing a legal sufficiency point, [a] court 'must consider only the evidence and inferences tending to support the trial court's finding, disregarding all contrary evidence and inferences.'" *Gonzalez*, 968 S.W.2d at 936 (quoting *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996)). "[M]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding." *Id.* at 936.

support the opposite inference: that it had just been dropped. *Id.* at 937–38. Thus, the court found no evidence that the store had constructive notice of the actual existence of the spilled macaroni, and rendered judgment against the plaintiff. *Id.* at 938.

In another slip-and-fall case, a state appellate court noted the many times courts have held that it is unwarranted to infer that the "withering, blackening or deterioration" of an item that caused a fall means that the item had been on the floor a sufficient length of time to have put the shopkeeper on notice of the condition. *Furr's, Inc. v. Bolton*, 333 S.W.2d 688, 690 (Tex. App.—El Paso 1960). The court distinguished those opinions on the grounds that the spill itself had dried around the edges, and the plaintiff's testimony—based on her prior experience working in a grocery store—that it would take 30 minutes to an hour for that kind of juice to dry in that way. *Id.*

Here, the only evidence that Morales suggests that Court should consider to estimate the timing of the spill is that it was pinkish and near a box of desiccated strawberries. Doc. 32, Morales' Resp., 2–3. He cites no factually analogous caselaw to support his argument. Morales simply argues that a reasonable inference to be drawn from the desiccated strawberries is that they were the source of the liquid "as the inner liquids in a strawberry are a clear pinkish color," and that they had sat on the floor long enough to decompose and release those liquids. *Id.*

But there are other, undisputed facts that also relate to the spill's timing—the liquid extended five feet into the aisle, with a width of one foot, and was wet. The dimensions of the spill make it less of a reasonable inference that the single box of strawberries was the source of the spill. In addition, it is less probable that liquid from desiccated strawberries would still be wet if the berries themselves were "dried," like they had been there "all night." Doc. 32-1, Morales' App., 22. And Morales has

not pointed to any other source of the spill, nor other evidence that would support that it was there for long enough for Kroger to be put on notice of its existence.

Considering the evidence presented, and the reasonable inferences that can be drawn in Morales' favor, the Court finds that this case is unlike *Furr's*, in which more evidence was presented to support plaintiff's argument than just the presence of dried strawberries. Instead this case is like *Gonzalez*, in which the reviewing court found the circumstantial evidence of dirt and cart tracks through wet macaroni salad to be insufficient to support a finding for the plaintiff. Morales has not pointed to any other evidence but the box of dried strawberries to support his argument. Thus, there is no genuine issue of material fact as to the first element of the premises liability claim: actual or constructive notice; and the Court need not address Kroger's arguments on the third element, because it must grant summary judgment for Kroger. *See Little*, 37 F.3d at 1075.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Kroger's Motion for Summary Judgment (Doc. 26). Final judgment to follow.

**SO ORDERED.**

**SIGNED: August 20, 2019**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE